Requestor: Edward Blum, Esq., Attorney South Salem Fire District P.O. Box 51 South Salem, New York 10590
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve as a fire district commissioner and also as either captain of the rescue company, captain of headquarters company or lieutenant in the fire police. These entities are part of the fire department of the fire district. You have indicated that nominations and appointments to these three positions are made by the chiefs of the fire department and are not subject to approval by the board of fire commissioners.
Statutory provisions deal with the holding of certain fire district and fire department positions. Under section 174(4) of the Town Law, a fire district commissioner or the district treasurer also may serve as district secretary. That subdivision prohibits, however, a commissioner from simultaneously serving as district treasurer or as fire chief or assistant chief of a volunteer fire company located in the district. Section 175(3) provides that membership in a volunteer fire company is not incompatible with service as a district commissioner, secretary or treasurer.
Thus, section 175(3) of the Town Law establishes an exception to the common law rule of compatibility of office in permitting a volunteer firefighter to also serve as a fire district commissioner. In our view, this provision includes within its scope volunteer firefighters who serve as line officers of a fire company.
In any event, there would not appear to be any appreciable conflict between the positions of fire district commissioner and line officer of the fire company. The chief and assistant chiefs, rather than the line officers, have exclusive control of the members of the fire department of the fire district at all fires. Town Law § 176-a(1). They exercise this authority under the direction of the board of fire commissioners and are responsible for ensuring that rules and regulations of the commissioners are observed and that the orders of the commissioners are duly executed. Ibid.
Section 174(4) of the Town Law specifically prohibits a fire district commissioner from simultaneously serving as a chief or assistant chief. Thus, the Legislature has recognized the incompatibility of these two positions resulting from the subordination of the positions of chief and assistant chief to the fire district commissioners. In that the supervision of the fire department by the board of fire commissioners is carried out through the chiefs and assistant chiefs, there does not appear to be any incompatibility between the positions of commissioner and line officer, a factor implemented by the Legislature through section175(3) of the Town Law.
We note that when the fire department is on duty members of the board of fire commissioners are specifically prohibited from interfering with the duties of the chief or assistant chief. Town Law § 176-a(1). Thus, in case of the absence or disability of the chief and assistant chiefs, leaving a line officer in charge when the fire department is on duty, the fire district commissioners would be prohibited from interfering with his duties.
We conclude that a fire district commissioner may also serve as a line officer of a fire company in the fire department of the fire district.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.